a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MUSA CONTEH #A221-193-287,          CIVIL DOCKET NO. 1:26-CV-01534 SEC P
Petitioner

VERSUS                              JUDGE ALEXANDER C. VAN HOOK

U S IMMIGRATION & CUSTOMS           MAGISTRATE JUDGE PEREZ-MONTES
ENFORCEMENT ET AL,
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Musa Conteh ("Conteh"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Conteh challenges the legality of continued detention.

Because Conteh's detention is presumptively reasonable, and Conteh provides no reason why removal is not significantly likely in the reasonably foreseeable future, the Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.     Background

Conteh is a native and citizen of Gambia who was ordered removed on June 4, 2025. ECF No. 1-2 at 3. Conteh's appeal was dismissed on January 20, 2026, at which time the order became final. ECF No. 1 at 5. Conteh asserts that detention has become unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

1

II.    <u>Law and Analysis</u>

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing.  A petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702.

The removal order became final on January 20, 2026, less than six months ago, so Conteh is within the presumptively reasonable period of detention.  And Conteh

does not allege any reason why removal is not significantly likely to occur in the reasonably foreseeable future.

### III.  Conclusion

Because Conteh fails to state a viable claim, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 21, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE